### No. 1250.

### SUCCESSION OF M. A. MYRICK.

The law requires, for the preservation of mortgages against the property of deceased persons, that the creditor shall reinscribe the evidence of his mortgage within ten years after the original inscription has been made.

Although the law is different in cases of surrenders, it is peremptory in cases of successions, whether solvent or not.

By the failure to reinscribe within ten years the creditor loses his right of mortgage, though he may remain an ordinary creditor.

The rule does not apply where real estate is sold within ten years.

In this case the property was sold long after the expiration of that delay.

APPEAL from the Twenty-seventh District Court, Parish of Richland. *Williams, J.*

*E. T. Lamkin* for Appellant.

*Wells & Toler* for Appellee.

The opinion of the court was delivered by

BERMUDEZ, C. J.  This is an opposition to the account presented by the administrator, whereon W. J. Slayden, a judgment creditor of the deceased, originally for $3670 and interest, was placed, with a recognition of a judicial mortgage, to be paid as such by preference over the ordinary creditors out of the proceeds of the real estate.

The judgment was rendered on May 2, 1876, and recorded on the same day to operate as a judicial mortgage against Mrs. Mary A. Myrick's property.

The defendant died in the year 1880.

The validity of the judgment was attacked by some of the creditors, but was within the ten years of its rendition finally recognized, even on appeal.

The real estate belonging to the deceased, burdened by the registry of the judgment and forming part of the succession property, was sold in May, 1888.

In the meantime, it is admitted, the judgment was not reinscribed.

The original inscription perempted at the expiration of the ten years following it.

In order to preserve the mortgage, which once secured the payment of the judgment, the inscription should have been renewed, within the delay fixed by law.

Owing to the failure of the creditor to thus have acted, his judgment ceased to be secured by mortgage.

The property affected by the registry was sold some two years after the expiration of the ten years within which the reinscription should have been made.

It has been held that, although prescription does not run, but is suspended against the creditors of an *insolvent* bankrupt, who surrenders, the rule is different in cases of successions, whether solvent or not.

It has consequently been ruled that the right of a creditor entitled to a *mortgage* against the property of a defunct person, dies away by the omission on his part to reinscribe within the ten years, although the debtor had died before the expiration of that term.  C. C. 1825, Art. 3327, now 3368; Succession of Flower, 12 An. 216; also 27 An. 527 (552); 630; 28 An. 811.

This doctrine was recognized in the Succession of Gagneux, 40 An. 703; but not applied, as the property encumbered by the registry had been sold *before* the ten years had elapsed, and the mortgage was referred to the proceeds.

The opposition to the allowance by the administrator of a mortgage, in favor of Slayden, which would have operated injuriously to the other creditors, was properly sustained, and the mortgage was likewise justly refused recognition.

Judgment affirmed.

McEnery, J., takes no part.