Norres et al. vs. Hays et al.

## No. 1425.

TIBURCE NORRES, TUTOR, ET AL. VS. DAVID HAYS, ADMINIS-
TRATOR, ET AL.

Prescription is suspended on a claim in favor of succession due by the adminis-
trator. It is likewise suspended against the co-debtor, who is bound *in solido*
with the administrator.

An administrator in debt to the succession can not bring a suit against himself
and his co-obligors.

A mortgage is not destroyed by a failure to reinscribe it within ten years. It loses
its rank only. Parties who have acquired rights on the property before rein-
scription, after the ten years can contest the reinscription. As to all others, it
has the effect after reinscription of the first inscription.

A tax sale under Act 98 of 1886 is null and void, if the tax debtor has received no
notice as required by Art. 210 of the Constitution.

An assessment is defective and the sale thereunder null and void, when the prop-
erty is owned in indivision, and is assessed to the estate of a deceased co-pro-
prietor, when he lived and died in another parish.

When the tax and deed shows that the property was sold in block in violation of
Art. 210 of the Constitution, the sale will be annulled.

| | |
|---|---|
| 44 | 907 |
| 46 | 410 |
| 44 | 907 |
| 47 | 275 |
| 44 | 907 |
| 48 | 984 |
| 49 | 359 |
| 44 | 907 |
| 50 | 964 |
| 44 | 907 |
| f105 | 149 |
| 105 | 583 |
| 44 | 907 |
| 107 | 596 |
| h107 | 598 |
| 44 | 907 |
| 112 | 355 |
| 44 | 907 |
| 119 | 614 |

A PPEAL from the Twenty-first District Court, Parish of Iberia.
Mouton, J.

---

### W. J. Burke and T. D. Foster for Plaintiffs and Appellees:

The court, in remanding this case, did not limit the further proceedings to the
question of interruption of prescription.

Unconditional heirs of an estate may, in their own names, institute an action to
annul a tax sale of the property of a debtor of the estate, especially if the ad-
ministrator be made a party. 42 An. 857.

Only the administrator of an estate under administration can sue to recover a
money debt due it. An heir can not. 24 An. 278; 28 An. 591; 33 An. 1010; 36 An. 408.

Prescription as between an estate and its administrator is suspended during ad-
ministration. An administrator can not sue himself. Nor can he sue his co-
debtors, for in suing them he must judicially admit his own indebtedness.

As to himself and them the rule *non contra valentem* applies. It is his duty to pro-
tect the estate, and he can not avail himself of his violation of his official obli-
gation to the detriment of his trust. Nor can his official sureties avail them-
selves of his fault, and prescribe their debt due the estate, *in solido* with him,
for the reason that their obligation is to secure the estate against his faults. 10
Wallace, 508; 130 U. S. 320; Eng. and Am. Ency.,Vol. 13, pp. 735, 736, note 1; *ibid.*, p.
731; Marcade on Prescription, p. 164, II; p. 165, III; p. 298, Sec. 2, LVII; H. p.
1227, V (a), Nos. 2, 27; 32 An. 1037, 1041; 36 An. 408; 37 An. 741, 748; 8 R. 488; 11 R. 155;
23 An. 682.

Prescription of a debt, whether it be in form of a judgment or not, may be inter-
rupted in many ways. Parol testimony is alone excluded as to a judgment. C.
C. 3547; 42 An. 154, 857; 30 An. 1071; 33 An. 1296; 34 An. 413; 37 An. 769.

An administrator can not, even though he may sue himself and obtain a valid
judgment, change the rule of prescription applicable to the debt and cause its
current to move where it before was suspended. It remains suspended.

The prescription of judgments and of ordinary debts may be interrupted by judicial admissions made in pleadings in other suits, as well as in that in which the question arises. Greenleaf, Secs. 27, 186, 205, 527; Wharton on Evidence, Secs. 1110, 1185, 1187; 30 An. 1071-78.

Interruptions of prescription of judgments, by other than the statutory method, are binding on all persons. 42 An. 152-54.

The issuance of *fi. fa.* by an administrator, against himself and co-debtors, on a judgment against them *in solido*, interrupts prescription on the judgment. This differs from the usual case, where the judgment creditor and debtor are entirely different persons.

The debt does, but the conventional mortgage does not, merge into the judgment. If the debt exists, the failure to reinscribe the judgment defeats the rank of the judicial mortgage. But the conventional mortgage holds its rank if it has been timely reinscribed, in the manner of its original inscription. C. C. 3369; 22 An. 402; 34 An. 313; 42 An. 152.

· The heirship of plaintiffs is admitted by the general and tacit issues. H. p. 1152-55; B. Nos. 1-13; Louque, p. 540; B. Nos. 7-9.

The assessment of the whole property exclusively in the name of one co-owner, in indivision, is a fatal defect. 33 An. 1163. It must be in names of the owners, according to the titles. 26 An. 738; 29 An. 508-9; 32 An. 288, 913; 33 An. 520; 35 An. 1086.

Failure of the collector to give the notices required by Constitution 210, Sec. 51 of · act 98 of 1886 and Sec. 49 of act 96 of 1882, before seizure, vitiates the sale. 43 An. 427, 433-34; 33 An. 1163, 291, 520; 32 An. 226, 236; 31 An. 661; Cooley, pp. 217, 218; 30 An. 871.

A tax sale is, *prima facie*, valid only when it contains the recitals required by law, and shows the law has been complied with. It must contain a brief history of the proceedings had and show that the essential notices have been given. If it shows a sale made in violation of law, it proves nothing. Sec. 61, Act 96 of 1882; Sec. 64 of act 98 of 1886; 32 An. 228, 236, 925; 30 An. 871, 1272; 37 An. 417.

It should be shown *aliunde*, if not by the *recitals* of the deed, that the notices have been given. 30 An. 871, 1272; 32 An. 228, 236, 925; 37 An. 417.

If the deed shows the sale was made in block, to the highest bidder, in violation of Constitution 210 and the Statutes, it has no effect, and the sale is null.

When an illegal tax sale is annulled, the purchaser can recover only the portion of the price which was applied to payment of the principal of the taxes due. Interest, penalties and costs will be disallowed. 33 An. 521, 531, 1423.

---

*Todd & Todd* and *L. O. Hacker* for Defendants and Appellants:

1. There is no demand in the prayer of the petition for a judgment for the debt, or for the revival of the judgment, or for a recognition of a mortgage or privilege, or their enforcement.

2. The prayer of the petition determines the character of the action. 15 An. 293; · 20 An. 170; 23 An. 599; 35 An. 874; 41 An. 281.

3. Where a debt is represented by promissory notes and a judgment is rendered upon them, the notes are merged in the judgment and cease to exist thereafter. 9 L. 418; 1 An. 372; 3 An. 386; 35 An. 43; Manning U. R. Cases, 296.

4. A mortgage perempts in ten years from its inscription. C. C. 3369.

5. The record of a judgment rendered on a mortgage does not preserve the mortgage, but the act of mortgage must be separately inscribed or reinscribed to preserve it from peremption. 22 An. 402; 34 An. 313; 42 An. 152.

.Norres et al. vs. Hays et al.

6. A judgment is extinguished by ten years' prescription. C. C. 3547.

7( The extinction of the debt principal carries with it the extinction of the accessory mortgage or privilege. C. C. 3411; 30 An. 396; 32 An. 84.

8. A judgment is saved from prescription only by revival or citation therefor (C. C. 3547; 33 An. 1296; 34 An. 413); or by written acknowledgment of the debtor (act of 1868), C. C. 2278; 30 An. 1071.

9. Prescription of a judgment is not interrupted by the issuing of an execution upon it (25 An. 489); nor by the giving of a draft by the debtor for its payment 25 An. 489, 490.

10. Nor does an appeal devolutive or suspensive interrupt or suspend prescription. 23 An. 176; 30 An. 1330.

11. Nor an injunction. 23 An. 579.

12. Nor its acknowledgment in writing by the administrator of the deceased debtor and the placing it on the tableau of the succession debts. Suc. Ganeaux, 40 An. 704.

13. There is no legal prohibition to the appointment of an administrator because of his being a debtor of the succession.

14. Being, after his appointment, the legal representative of the succession, he can legally act for the succession and put in motion all suits against *all* persons, and judgments rendered therein are judgments in favor of the succession —not of the administrator, and valid.

15. Heirs or creditors, in their own name, may sue to enforce all claims in favor of a succession where the administrator will not act, by making him a party defendant, and this right to sue without the co-operation of the administrator, and independent of him, existing, there can be no suspension of prescription, whether the administrator acts or refuses to act. 7 An. 136; 14 An. 777; 38 An. 238.

---

The opinion of the court was delivered by

MCENERY, J. The plaintiffs, alleging themselves to be the holders of and owners of a mortgage claim against property sold at tax sale, brought this suit to cancel the same.

An exception of no cause of action and prescription was filed The exception was maintained and the suit dismissed.

On appeal to this court the judgment was reversed, and the case remanded for the purpose of trying the question of prescription, and on the merits in case the exception of prescription should be overruled.

In the decree remanding the case to be tried on the merits, the exception of no cause of action was disposed of.

In the opinion of the court remanding the case the facts are fully stated. 42 An. 857.

After the case was remanded the plaintiffs filed an amended petition for rents and revenues, and the defendant, De Rouen, for the price of the tax sale, the taxes subsequently paid and for the value

of improvements.   We will not pass upon the claim of plaintiffs for rents and revenues and the defendant's claim for improvements, as the defendant, De Rouen, became sole owner of the property independently of the tax sale, which issues may be more properly urged to enforce plaintiffs' rights in the hypothecary action against De Rouen as third possessor.   33 An. 291.

There was judgment for plaintiffs, and the defendant, De Rouen, has appealed.   In January, 1869, John Hays sold the land in controversy to his nephews, David, William and Malachi Hays.   The price was $15,000, in five instalments, evidenced by promissory notes, *in solido*, maturing in one, two, three, four, five years from date.   The purchase price was secured by vendor's privilege and special mortgage.   John Hays died in 1869.   David Hays, one of the vendees, qualified as his administrator.   His two brothers and co-debtors signed his bond as administrator.   In 1875 David Hays brought suit on the notes, obtained judgment against himself and co-debtors, and caused execution to issue on the judgment.   The sale was arrested by injunction, and nothing further was done in the execution of the judgment.   Subsequently the administrator, David Hays, caused the erasure of the judgment from the records on the ground that it had become extinguished by prescription.

It is contended by plaintiffs that prescription on the notes was suspended during the time that David Hays was administrator, and that if the judgment be a valid one, prescription of the judgment was interrupted by several suits instituted by the plaintiffs.   The defendant's contention is that the notes were merged in the judgment, which they allege was valid, and that there has been no interruption of prescription on the same.

Complaint is also made by defendants that David Hays has been improperly made a party to this suit, as he has no interest in it, having disposed of his interest in the land.   But he has a direct interest in the question which has been raised as to the validity of the debt, and we are of the opinion that he has been properly made a party defendant.

It is no longer an open question that an administrator of a succession indebted to it can not sue on the claim in behalf of the succession, and that prescription is suspended during the continuance of his administration.   McKnight vs. Calhoun & Sons, 36 An. 408; 32 An. 1037; 37 An. 341.

In the dissenting opinions in the case first referred to, this doctrine was recognized, but its application to a co-heir or co-debtor was denied.

In the instant case there is no attempt made to enforce the debt against a co-debtor who has interposed the plea of prescription, which has been suspended by the position in which one of the co-debtors, who alone could act, has placed himself. But it is a universal rule in our jurisprudence that the interruption of prescription by one solitary debtor interrupts it as to the others, because the debt is indivisible, and each is bound for the same thing. We see no reason why it should not apply to a suspension of prescription. In the instant case the reason is the more urgent, because the co-debtors were sureties on his official bond, and undeniably responsible for the mal-administration of their principal.

So far as the administrator, Hays, is concerned we do not understand that defendants contend, as to him, that the debt was prescribed. If not, then the debt really existed. No one could plead prescription against it when he was prohibited from doing so.

The plea of prescription, if sustained, destroys the obligation as an entirety. During the administration of David Hays the mortgage notes were kept alive and in existence.

The mortgage, if reinscribed as accessory to the debt, was also kept alive, and can be enforced on the property upon which it rests. No purchase, therefore, unless at tax sale, can defeat it.

The object of this suit is to set aside the tax sale in order to make the mortgage upon it executory.

Was the mortgage kept alive with the notes which it was given to secure? The mortgage is not destroyed by a failure to reinscribe it within ten years.

The omission to reinscribe a mortgage within ten years from the first inscription will cause it to lose its effect, its rank only, and the reinscription will give it effect from the time of such reinscription. Shepherd vs. Orleans Cotton Press Co., 2 An. 100.

Any one who has acquired an adverse interest by reason of the failure to reinscribe the mortgage within ten years can oppose the same. It is subordinated to his rights. In this case the defendants have not suffered by failure to reinscribe the mortgage within ten years. They have acquired no adverse interest by such failure.

The inscription of the mortgage was made March 17, 1870, and re-

inscribed January 11, 1881, more than ten years after the inscription. The force and effect of the reinscription was to give it the rank it had when first inscribed, as to all persons who in the meantime had not acquired adverse rights.

When the defendant, De Rouen, purchased at tax sale 5th March, 1887, the mortgage was in full force, and he had acquired no adverse interest prior to its reinscription.

What has been said in relation to the suspension of prescription on the notes applies to the judgment, conceding it to be valid, as the mortgage was reinscribed during its existence, and was kept alive with the judgment. 42 An. 152.

This case illustrates the soundness of the rule prohibiting an administrator bringing a suit against himself, in which he not only makes himself a defendant, but plaintiff, controlling the judgment, thus enabling him, as was attempted in this case, to convert the debt into a judgment, and then permit it to prescribe and order its cancellation and erasure from the records.

## TAX SALE.

The property was sold for taxes under Act 98 of 1886. It was assessed to the estate of Wm. Hays. He resided and died in the parish of St. Mary. His heirs also resided there. The property was owned in indivision by several.

There was, therefore, no valid assessment of the property upon which a sale could be made. It is elementary that the assessment is the basis of a judgment for the sale. Suc. Mercier, 42 An. 1139; Hays, Administrator, vs. Victor, Sheriff, 33 An. 1162.

The tax collector's deed is *prima facie* evidence that all the prequisites to the sale have been complied with, but it is subject to consideration. In this case the facts show that essential requirements of the law have been omitted.

It is evident from the assessment that the tax debtors received no notice as required by Art. 210 of the Constitution. Breaux vs. Negrotto, 43 An. 426.

The tax deed also shows that said article of the Constitution was violated in the sale of the property in block.

The tax sale is null and void.

Judgment affirmed.