The opinion of the court was delivered by
Miller, J.
The plaintiffs sue to annul a tax sale of their property made to satisfy the city taxes of 1889, as well as the assessment under which the sale was made. The grounds of the suit are, that the assessment was made without notice to the plaintiffs and without notice to them the sale was made. The defence is, that plaintiffs are estopped from disputing the assessments by paying the State taxes, based on the same assessments, and the answer maintains *983 that the tax sale was made in accordance with law. From the judg-ment against plaintiffs, they appeal.
It appears that the property was assessed on the regular roll of 1889 as the property of Anna L. Carter et als. The owners were the widow and children of the late Needier K. Jennings, Anna Maria Jennings, Alice, Caroline, Cora and Anna Jennings. Discarding this assessment, the city made a supplemental assessment in 1898, exhibiting the names of the owners.- Notices of the proposed sale of the property for these taxes of 1889, addressed to Anna M. Jennings, ef als., were served upon Mr. B. R. Forman, who stated to the serving officer, he, Forman, had no authority to act for the plaintiffs, and the sale to the city followed in March, 1894. In the deed of sale to the city there is the statement that notices were served on the delinquent taxpayer, hereafter mentioned, and the names thus indicated as receiving notice, we find to be Anna M. Jennings, et als. At a later period the plaintiffs paid the State taxes on the property according to the supplemental roll, and instituted this suit to annul the assessment and recover the property from the city.
Our law provides for the assessment of property omitted, or assessed in the wrong name on the roll of the year, with the limitation that such assessments to supply .omissions or correct errors in the rolls shall not extend beyond the previous three years. This provision is common in the revenue statutes of all the States, and has stood for years as part of our law. R. S., Sec. 3262; Act 88, No. 85, Sec. 11. Of course, the power to assess property omitted carries the necessity of notice to- the owner indispensible in all assessments. This is implied by the language of Sec. 11 of the Act •of 1888, under which the supplemental assessment in controversy was made, and we perceive that in the revenue act of 1890, No. 106 See. 11, there is careful provision for the mode of notice. The pleadings in this ease put at issue this, question of notice, and there is no proof on the subject. We find, however, that the plaintiffs paid the State taxes, based on the assessment. We maintain the assessments on this recognition. Notice is to convey knowledge to the taxpayer that his property is assessed, and if he manifests that knowledge by payment of the State taxes, the purpose of the law in respect to requiring notice must be deemed accomplished.
It seems unnecessary to repeat that the title of the owner can not be divested by a tax sale for taxes accrued since 1879, without notice *984 to the owner of the sale. The requirement is expressed in the plainest language in the organic law, has been repeated in every revenue statute since the Constitution, and time and time again has been enforced by this court. Constitution, Art. 210; Act No. 77 of 1880, Secs. 25 to 28; Act No. 96 of 1892, Sec. 49 et seq.; the later acts and Act No. 85 of 1888, Sec. 40 et seq.; Norres et al. vs. Hays et al., 44 An. 912; Montgomery et als. vs. Land and Lumber Co. et al., 46 An. 403. Lambert vs. Craig, 45 An. 1109, and similar cases. In this case, instead of following the direction of the statute as to the notice of the tax sale, we have the substitution of a paper addressed to one only of the owners left with a member of the bar, not the agent in-any sense, to admit of such service upon him. For want of the required notice the sale must be set aside.
It is therefore "Ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed; that the assessments on the supplemental roll of 1889 be maintained as valid assessments against plaintiffs, but that the sale of the plaintiffs’ property under said assessments be avoided and annulled, and that defendant pay costs.