THIRD DISTRICT LAND COMPANY v. SMITH

(June 7, 1926, Opinion and Decree)

(*Syllabus by the Court*)

1. **Louisiana Digest—Taxation—Par. 281.**

Notice to the owner of the property in the manner provided by law is of the essence of the validity of a tax sale.

2. **Louisiana Digest—Taxation—Par. 283.**

This notice must be delivered to the taxpayer in person, or at his residence or place of business; failing in these, if the property is improved, the tax collector must inquire of those in possession for information to enable him to deliver a legal notice.

3. **Louisiana Digest—Taxation—Par. 281.**

Notice by advertisement addressed to unknown owners will not operate as a valid notice when by ordinary diligence the tax collector might have served the notice in the other modes provided by law.

4. **Louisiana Digest—Taxation—Par. 388, 390, 391.**

No judgment annulling a tax sale shall have effect until the price and all taxes and costs paid by the purchaser with ten per cent per annum interest on the amount of the price and taxes paid from date of respective payments be previously paid to the purchaser.

Appeal from Civil District Court, Hon. Percy Saint, Judge.

Action by Third District Land Company against Wade Smith. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Fred G. Veith, of New Orleans, attorney for plaintiff, appellant.

Carbajal and Gaudin, of New Orleans, attorneys for defendant, appellee.

CLAIBORNE, J. This is a petitory action.

The plaintiff alleged that it is the owner of the following described property:

A portion of ground in the Third District of this City designated as lot 22 of square 118 bounded by Forstall, Lizardi, Chartres, and Royal Streets and measuring 25 feet front on Forstall Street by 118 feet deep bearing No. 627 Forstall Street; that it purchased said property by act of John P. Sullivan, notary, dated August 14, 1918, from John Fitzpatrick, State Tax Collector, for the State taxes of 1917 assessed in the name of "Era Realty Company" registered in the conveyance office in book 305, p. 49; that Wade Smith is in possession of said portion of ground without any title thereto.

Plaintiff prays to be recognized as owner of said property and for the rent of same from the date of his purchase.

The defendant denied the allegations of the petition.

Rosaline Lewis, widow John Scott and Charlotte Lewis, wife of Philip Ware, intervened and alleged that they were the owners of the property described in plaintiff's petition.

That they are the sole heirs of Alexander Lewis as appears by the proceedings in his succession No. 90,103, Civil District Court; that their father, Alexander Lewis, purchased said property from Douglas by Act of A. Barnett dated September 20, 1877, Reg. C. O., 110 p. 248.

That their father died January 2, 1905; that he occupied said property with his wife, whose maiden name was Amelie Madison, and with petitioners up to the time of his death; that after his death petition-

ers and their mother have occupied said property as owners up to the present time.

That some time after their father's death, by act of Fred Zengle, notary, dated June 30, 1908, the above property was sold for the taxes of 1907 to the Star Land Company and registered in its name; but was redeemed on August 10, 1908, although no act of redemption was ever passed.

That by act of G. Fernandez, dated February 19, 1914, Reg. C. P., b. 266, p. 185, the Star Land Company sold said property to the Era Realty Company; that on March 17, 1914, the Era Realty Company was dissolved.

That by act of John P. Sullivan dated August 14, 1918, mentioned in plaintiff's petition, John Fitzpartick, State Tax Collector, sold said property assessed in the name of the "Era Realty Company" for the year 1917 to plaintiff, the Third District Land Company, Reg. C. O., bk. 305, p. 49.

That the above tax sale by act of John P. Sullivan is null and void "for the reason that no valid and legal notice was given intervenors who at the time resided on said property where they could easily have been found for the purposes of service".

That the notice given was one by publication three times in 20 days addressed to unknown owners.

That the Era Realty Company was not an unknown owner, as it had a place of residence at No. 2031 Elysian Fields Avenue contained in the City Directory for the years 1917, 1918, 1919 and 1920.

That Wade Smith is their mother's second husband; that intervenors have never ceased to be in the undisputed ownership and possession of said property.

They pray for judgment rejecting plaintiff's demand and for judgment in their favor recognizing them as the owners of said property.

There was judgment rejecting plaintiff's demand, reserving its right to claim from intervenors the amount paid by it at tax sale and all taxes; and recognizing intervenors as owners of the property.

From this judgment the plaintiff has appealed.

The evidence of the Deputy Tax Collector establishes that there was no notice served other than that the property was advertised as that of "unknown owner", two or twice in 20 days.

The property was assessed for the year 1917 in the name of "Era Realty Company".

It is in evidence that the city directory for the years 1917, 1918, 1919, 1920 contained the following entries:

"Era Realty Company, James E. Waterhouse, Manager, 2031 Elysian Fields Avenue."

It is also proven that the intervenors lived on the property assessed No. 627 Forstall Street during those years.

There is no evidence that any other notice was served at 2031 Elysian Fields Street, the office of the Era Realty Company, or at 627 Forstall Street, the residence of the intervenors and the location of the property assessed.

The Constitution of 1879, Article 210, provides "for notice to the delinquent in the manner to be provided by law, which shall not be by publication except in case of unknown owner, etc."

The Constitution of 1898, Article 233, contains the same provision, only omitting

the words "which shall not be by publication except in case of unknown owner".

Sec. 50 of Act 170 of 1898, p. 370, provides "that the tax collector shall address to each tax payer a written or printed notice that his taxes must be paid".

Sec. 51 of the same Act provides:

"That the tax collector or sheriff shall either deliver to each tax payer, in person, or shall leave at his residence or place of business in the Parish of Orleans one of said notices and a return, or statement in writing of the mode of such service shall be made by the officer serving the same and be filed in the office of the tax collector or sheriff and shall be received by the courts as prima facie evidence of notice." 105 La. 357.

In the case of Webre vs. Lutcher, 45 La. Ann. 574, 12 South. 834, the court said:

"An unknown owner of assessed immovable property is one who has no agent to represent him, and whose place of business, residence and post office address are not known to the tax collector." Williams vs. Chaplain, 112 La. 1075, 36 South. 859.

In the same case on rehearing the court said on p. 579:

"Our decision is not intended to give a license to tax collectors to dispense with notice to absent owners whose names are known, but whose residence is unknown, without exhausting the means provided by law for ascertaining the latter. If plaintiffs' title had been of record, or if the land had been in possession of any one, resort to the records or to the possessor might have suggested means of tracing his residence."

In the case before us the record does not show what efforts if any, were made by the tax collector to serve a notice of sale. There is no satisfactory evidence that he called at the office of the Era Realty Company; 2031 Elysian Fields Avenue, or

at the property assessed which was occupied by the owners.

In either case he would have ascertained the owners of the property and could have served them with notice.

In the case of Land Development Co. praying for possession, 12 Orl. App. 147, the syllabus is as follows:

"The notice required by the Constitution must be served upon the delinquent tax debtor in the manner required by law as an essential condition to the validity of a tax sale."

And in the body of the opinion we read:

"It does not appear that said notice was served upon any one. The presumption arises that it was not served, since the property was classed among the unknown, and notice given by publication in the manner provided for unknown owners. Nor was any return of any kind made stating either that any attempt had been made to serve the notice in any of the modes provided by law, nor why it was not served, unless we assume that the word 'unknown' indicated that the owners could not be found."

And on page 152:

"We are of the opinion that the notice should have been served at 'the place of business' of Wm. J. Irwin, No. 2422 or 2424 Washington Avenue, where he had a personal representative, where he received his mail and where the business he did in this city, however small, was conducted. An inquiry of Stiehl, his representative who had his office on the premises, or of the tenants who occupied the premises and paid their rent to Stiehl, would have informed the tax collector where and upon whom to make his service." Webre vs. Lutcher, 45 La. Ann. 574, 12 South. 834; Myrick vs. Succession of, 43 La. Ann. 884, 9 South. 498.

In Genella vs. Vincent, 50 La. Ann. 956, 24 South. 690; the court said on p. 966:

"That Art. 210 of the Constitution, in requiring that notice should be given to the tax payer evidently contemplated that reasonably diligent steps should be taken to make the notice effective. The same views were expressed in the Successon of Lacroix vs. Lumber Co., 49 La. Ann. 1445, ................and Hodding vs. City, 48 La. Ann. 982, 20 South. 199; and Walsh vs. Harand, 48 La. Ann. 989, 20 South. 202. The property in this case has been in possession of a tenant from whom the tax collector could have easily obtained the information needed to enable him to perform properly his duty."

Notice has always been decided to be of the essence of the validity of a tax sale. Without it the tax sale is a nullity. Breaux vs. Negnotto, 43 La. Ann. 426, 9 South. 502; Tutor vs. Hays, 44 La. Ann. 907, 11 South. 462; Lambert vs. Craig, 45 La. Ann. 1109, 13 South. 701; Montgomery vs. Marydale Land & Lbr. Co., 46 La. Ann. 403, 15 South. 63; Hodding vs. City of New Orleans, 48 La. Ann. 982, 20 South. 199; Genella vs. Vincent, 50 La. Ann. 956, 24 South. 690; Tensas Delta Land Co. vs. Sholars, 105 La. 357, 29 South. 908; Succession of Williams vs. Chaplain, 112 La. 1075, 36 South. 859; In re Lafferranderie, 114 La. 6, 37 South. 990; In re Sheehy, 119 La. 608, 44 South. 315; Eames vs. Woodson, 120 La. 1031, 46 South. 13; Flanagan vs. Land Development Co., 145 La. 843, 83 South. 39.

It is therefore ordered that the judgment herein be affirmed with this provision, that said judgment and this judgment shall have no effect until the price and all taxes and costs paid by the plaintiff herein, with ten per cent per annum interest on the amount of the price and taxes paid by it from date of respective payments be previously paid to said plaintiff. Flanagan vs. Land Development Co., 145 La. 843, 83 South. 39.

The plaintiff to pay costs in both courts.