ETIENNE LAMORANDIER *v.* CHARLES MEYER and another.

Notice to the debtor of the seizure of his property under a *fi. fa.* is indispensable,
   whether the debtor resides within the parish in which the property is situated, or
   not.   C. P. 654, 655, 667.

The statement in the return of a sheriff on a *fi. fa.* under which property has been
   sold, that notice of the seizure was sent by mail to the sheriff of the parish in
   which the owner of the property resided to be served, is not alone sufficient evi-
   dence of the service of notice.

Where the debtor, or other person interested, opposes the homologation of a sale,
   under execution under the stat. of 10 March, 1834, the burden of proving a
   compliance with the formalities required by law, is on the party who applies for
   its homologation.   The return of the sheriff on the execution does not throw on
   the opponent the burden of showing that the formalities of law have not been
   complied with.

APPEAL from the District Court of the First District, *Bucha-
nan,* J.

*Hamner,* for the plaintiff.   The return upon the *alias fi. fa.,*
and the sheriff's deed, show that all the formalities of the law
have been complied with ; and this is sufficient to sustain plain-
tiff's title unless rebutted by positive evidence.   *Lafon* v. *Smith
et al.* 3 La. 476.

   The opponents have produced no sufficient evidence to es-
tablish their objections.   The proof is upon them.   4 La. 476.
They have not made probable, or more than probable, what they
ought to have made certain.

   A demand of property was made of the opponents before the

seizure,—see the return upon the *fi. fa.* But though it were not made, the seizure would be still good, as a demand was not necessary. 16 La. 275. Plaintiffs had a mortgage upon the property seized, and had a right to seize. Code of Pract. arts. 648, 646.

The opponents complain,that there was no notice of seizure. But there was notice, and to appoint appraiser. The law does not require that a return should be made into court, upon a notice of seizure. The statement of the sheriff in the return on the *alias fi. fa.* is sufficient, unless the reverse is. shown. This return shows, that the sheriff acted in good faith, and that defendants were non-residents of his parish ; and to do more than he did, was a legal impossibility.

But, under the circumstances of this case, notice was unnecessary, because it was *legally impossible*. The opponents resided out of the parish, and the sheriff of St. Landry could not serve the notice. Code of Pract. art. 761. The sheriff of the District Court of this district was equally unqualified to serve it, for it was not *a judgment or order of a court*. Ibid. art. 760. Had the latter officer served the notice, it would not have been of any legal validity. Our law has made no provision for notice in such a case as this. The duty of giving notice, is only required in case the party is domiciled in the parish. Code of Pract. art. 654.

*Preston*, for the appellant. A *fieri facias* was issued from the District Court of the First District to the sheriff of St. Landry, who seized and sold a tract of land belonging to the defendants. It was the duty of the sheriff as soon as he received it, to seize the defendants' property, and "give notice in writing to the debtor, and to annex thereto a list of the property seized, which he shall deliver to him in person, or leave at the place of his ordinary residence." Code of Pract. art. 654. The same formalities precisely must be pursued, even where the property is mortgaged to the plaintiff. Code of Pract. art. 745. Unless this notice is given the sale will be null. 6 La. 631.

The sheriff of St. Landry did not serve the notice of seizure in the present case on the defendant in person, or leave it at his place of residence, as appears by the return. He sent the notice to the sheriff of this District Court. That sheriff has made no return of it ; does not recollect any thing about it ; but was in the habit of giving such notices to the sheriff of the parish of Orleans. The latter has no recollection of it.

What is done on an execution necessary to make a sale legal, must appear by the return. Code of Pract. arts. 642, 700. The return does not show that the notice of seizure was served on the defendant, and the verbal proof shows, that it was not.

And this notice is essential to make the sale, otherwise it would be made without the debtor's knowledge, and without any opportunity to prevent it, by payment, or any other means.

To prevent a debtor's property from being absolutely sacrificed by a rapacious creditor, the law requires its appraisement before sale, and that the owner should be summoned to appoint an appraiser. Code of Pract. art. 671. Act of 25th March, 1828, sec. 10. Nothing shows that this notice was given, and the property was sacrificed from the failure of the plaintiff to have this requisite of law complied with.

There is no doubt, that if the sheriff of the District Court had served the notice of seizure, and summons to appraise, on the defendant, and returned it into court, this would have been legal. The District Court would have ordered him to do so if he refused, in order that the sale of property might not be made, *ex parte*, without the owner's knowledge. But the proceedings to sell property must appear in writing, and by the return of the sworn officer.

Authorities are quoted which support a sale, made by the sheriff on a general return of compliance with the requisites of law. But these decisions were made before the monition law of 1834 was passed. That law was passed to enable the plaintiff to prove that the formalities of law had been complied with, and to have his title forever quieted. The *onus probandi*, from the very nature of the law, rests upon him. It is not for the defendant to prove that the requisites of law were not complied with. It is an enabling law for the plaintiff, and entitles him to a judgment of homologation, on his proving, in a legal manner, every thing that is denied in the opposition to the monition.

If no means could be devised by which the debtor could be notified of the seizure and sale of his property, the court would have appointed, and sworn a curator, *ad hoc*, contradictorily with whom the executory proceedings could be carried on, rather than that they should be *ex parte*.

GARLAND, J. E. Lamorandier, *fils*, having obtained a judgment against the defendants, issued an execution out of the District Court of the First District, directed to the sheriff of the parish of St. Landry, where the two tracts of land are situated which were sold by the plaintiff to the defendants, the price of which formed the consideration of the notes sued on, and on which a special mortgage was retained to secure the payment of said notes. The defendant Meyer, is a resident of the city of New Orleans, and Zimpel resides in parts unknown, but was supposed to be represented in New Orleans by F. Frey, who has

his power of attorney unrevoked. Upon the receipt of the writ, the sheriff proceeded to seize all the right, title, and interest, of the defendants to the land mortgaged to the plaintiff, "and notified the said Charles Meyer, and Frederick Frey, attorney in fact for Charles F. Zimpel, both living in New Orleans, enclosed in a letter to the sheriff of the first judicial district, New Orleans, for service of such seizure, of the day when said property would be offered for sale, and to attend and name an appraiser. Advertised said property according to law, to be sold for cash, at the court-house, in the town of Opelousas, on Monday, the 4th day of October, 1841." The seizure was made on the 28th day of the month of August previous. The return then proceeds to state, that the property was appraised by appraisers, chosen for the plaintiff and defendants, who were duly sworn, and that, after appraisement, it was sold for two-thirds of its value to the plaintiff, E. Lamorandier, *fils*, and Decoudray Lamorandier, to whom a deed was made by the sheriff in due form, and regularly recorded.

The aforesaid purchasers applied to the District Court of the First District for a monition, under the provisions of the act of March 10, 1834, setting forth all the foregoing circumstances. The application for a monition was advertised in the newspapers, and in due time Meyer, one of the defendants, made opposition to the homologation of the sale; because, as he avers, the property was not legally seized, nor any demand made, nor notice of seizure given to the opponent ; and because the land was not duly advertised for sale, nor appraised, nor any of the legal requisites complied with.

Upon the trial, the applicants for the monition produced the execution and return thereof, and the sheriff's sale, also the newspapers in which the application was published. The opponent introduced as a witness F. Frey, who stated, that he had formerly been the attorney in fact of Zimpel, but did not then consider himself as such, nor was he so at the time the notice purported to have been given, although the power had never been revoked. Thielen, the sheriff of the District Court, says, that he has no recollection of ever having received any such notice as the sheriff of St. Landry mentions as having been sent to him. The

sheriff of the parish of Orleans was also examined, and testified, that he had no recollection of ever having received any such notice. There is in fact no evidence of a notice of seizure, other than the mere declaration of the sheriff of St. Landry, in his return, that such notices were sent by mail to the sheriff in New Orleans, to be served ; but whether they were received or served, is not shown.

The judge, in his judgment, says, " that as it is not shown, that the formalities required by law for the sale of property seized under execution in this case were not complied with, the return of the sheriff creates a *prima facie* presumption of regularity in the proceedings, which throws the burden of the proof to the contrary on the party opposing." The judge further says ; " that the notice by a sheriff making a seizure under execution, to the party in the cause to appoint appraisers, is only to be considered applicable to those cases where the party to be notified resides within his bailiwick ;" wherefore he homologated the sale, and from that judgment Meyer has appealed.

Articles 654 and 655 of the Code of Practice are peremptory as to a notice of seizure being given to the debtor, with a list of the property seized. Article 667 also requires a notice ; and, although no particular mode is pointed out by the Code how it shall be served, when the debtor resides in a different parish from that in which the property is situated, yet we cannot agree with the district judge that no notice is necessary, when the judge resides in a different " bailiwick " from that in which the sheriff exercises his authority. As to the mode of giving the notice, the sheriff of St. Landry seems to have adopted a very reasonable one, in sending it to the sheriff of the District Court of the First District to be served, the debtor residing in his " bailiwick," and the process having issued from that tribunal. Nor can we concur with the district judge in his opinion, that when a debtor, or defendant, opposes the homologation of a sale made under execution, he must show that the formalities of the law have not been complied with, and that the *onus probandi* is on the opponent. We think it is the duty of the plaintiff in the monition, to prove a compliance with the legal formalities; and that not being proved in this case, we think the court erred in homologa-

ting the sale, as to the opponent Meyer. The other defendant, Zimpel, not having opposed the sale, nor appealed from the judgment rendered, we cannot decide on any rights he may have in the premises.

It is, therefore, ordered, that the judgment of the District Court be reversed, so far as the rights of the opponent Meyer are concerned ; and it is ordered and decreed, that the sale made by the sheriff of the parish of St. Landry, of the land described in his return, and in the petition for a monition, be annulled and set aside, so far as the rights of the opponent Charles Meyer are concerned ; the plaintiff paying the costs in both courts.