## No. 4500.

### GEORGE W. GRAFF VS. JOHN MOYLAN.

This is a petitory action. At the adjudication of plaintiff's property, sold for taxes on the second of April, 1870, the constable was without authority to make the sale, because, on the sixteenth of March previous, the City of Jefferson was by statute annexed to the city of New Orleans, and a constable of the parish of Jefferson could perform no official duty in the city and parish of Orleans.
Plaintiff, the owner of the property, was a resident of the city of New Orleans, and he was not served with notice of seizure. He was in no sense a party to the proceeding whereby the constable attempted to make a forced sale of his property.
The return day of the writ of *fieri facias* had passed long before the sale, and the constable failed to return it and retain a copy as required by law. Besides, the whole proceeding seems to be a tissue of irregularities.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. H. G. Grover*, and *H. G. Morgan*, for plaintiff and appellee. *R. K. Cutler, W. B. Hyman*, and *E. K. Washington*, for defendant and appellant.

WYLY, J. Plaintiff, the owner of five lots of ground, formerly in the city of Jefferson, but now contained within the limits of New Orleans, sues to recover from the defendant the said property; he, the defendant, having acquired the same on the second of April, 1870, for the price of ten dollars at a sale made by the constable of the Eighth Justice Court of the parish of Jefferson under a judgment of said court rendered on the nineteenth of October, 1869, against plaintiff for eighteen dollars, the amount of taxes due the city of Jefferson for the year 1868.

Graff vs. Moylan.

The court gave judgment for plaintiff, requiring the defendant to restore to him said property upon plaintiff paying eighteen dollars, the amount of the tax judgment.

Defendant appeals.

There are several reasons why the judgment of the lower court should be maintained:

First—At the adjudication on the second of April, 1870, the constable was without authority to make the sale, because, on the sixteenth of March previous, the city of Jefferson was by statute annexed to the city of New Orleans, and a constable of the parish of Jefferson could perform no official duty in the city and parish of Orleans. He could make no sale of property situated beyond the limits of the parish of which he was a constable.

Second—Plaintiff, the owner of the property, was a resident of the city of New Orleans, and he was not served with notice of seizure; he was in no sense a party to the proceeding whereby the constable attempted to make a forced sale of his property.

Third—The return day of the writ of *fieri facias* had passed long before the sale, and the constable failed to return it and retain a copy as required by law.

Besides, the whole proceeding seems to be a tissue of irregularities. This case closely resembles that of George Jacobshagen vs. John Moylan, the same defendant, 26 An. 735.

Judgment affirmed.