Lague vs. Boagni et al.

## No. 1082.

LETITIA LAGUE, WIDOW, VS. VINCENT BOAGNI ET AL.

A tax-sale of property assessed in the name of another person than the true owner, preceded by notices given to the party assessed and not to the true owner, is absolutely null and void.

Prescription of two and three years, under the statutes, in such cases, does not bar the claim of the owner for the recovery of the property.

APPEAL from the Thirteenth Judicial District Court, parish of St Landry. *Hudspeth, J.*

E. D. Estilette for Plaintiff and Appellant:

*Prescription—*

The prescription of two years (Act No. 101, Legislature 1873,) specially applies to purchasers of real estate sold in satisfaction of judgment for State, parish, or municipal taxes, and who had judicial possession of such real estate for two years preceding the passage of the act. It cures only informalities, not absolute nullities.

The prescription of three years (Act No. 105, Legislature 1874,) is contained in a paragraph violative of art. 10 of Constitution of 1868. If not itself unconstitutional, it does not apply to absolute nullities.

A title absolutely null cannot be the basis of prescription. 10 L. pp. 552 and 547 ; 7 M, pp. 379 and 406 ; 3 R. p. 223 ; IV. R. p. 201 ; IV. N. S. p. 224.

*Estoppel—*

The acquiescence in a sale under execution, which would prevent a party from claiming his immovable, ought to be very clearly shown. 23 A. p. 138.

Lewis & Bro. for Defendant and Appellee :

Any action to invalide a tax-sale is prescribed by three years.

He who induces another to purchase his property at a tax-sale, or who consents to and ratifies such a sale after it is made, either expressly or tacitly, is estopped from contesting its validity.

Such a one may bring an action of redemption, but cannot sue to annul the sale.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action to annul a tax-sale, on the following main grounds :

First. The property was not assessed in plaintiff's name, but in the name of other persons to whom it did not belong.

Second. The assessment rolls were not made in the manner specified by law.

Third. The proceedings coercive of the payment of the taxes said to be due and conducive to the sale, were not carried on contradictorily with the plaintiff, but against other parties, not representing her.

Fourth. The taxes claimed were illegally assessed ; they exceed the limit fixed by law, and are oppressive.

In bar the defendant *first* pleads the prescription of two and of three years, and *next* urges that plaintiff is estopped from attacking the sale, because she induced him to purchase the property, and subsequently ratified the sale. The defendant further avers that plaintiff's action, if any she have, is one of redemption.

The case was tried on those preliminary defenses. The lower court overruled the plea of prescription, and sustained the estoppel. The case was dismissed with a reservation of plaintiff's right to institute an action of redemption. From such judgment, the plaintiff appeals.

The plea of prescription is predicated first upon sec. 2 of act 101 of 1873, and next upon sec. 5 of act 105 of 1874.

From the terms of the last enactment, the plaintiff was authorized to consider, if she was aware of the expropriation proceedings, that she could not arrest the sale, being expressly prohibited from doing so, and that her sole relief or remedy was an action to invalidate the sale.

The plaintiff was justified, taking her allegations for true, as they must, in this proceeding, in ignoring the steps taken for the sale of the property said to be liable for the taxes in question. She avers that it stood in *her name* on the proper public records, whereon conveyances and transfers of real estate are entered. It was the duty of the assessors to place it in her name on the rolls which the law requires them to prepare, and which are to contain the names of the *true* owners of real estate, upon which taxes are to be levied. In case of non-payment of taxes legally assessed and due, it was incumbent on the tax-collector to proceed against the *true* owner of the land so assessed.

The assessment of the property in question in the name of P. A. Nezat & Co., and the proceedings against them to enforce payment of the taxes alleged to be due, are not only irregular, but absolutely null, and, therefore, not binding on the plaintiff, the *real* owner. 15 A. 15 : 19 A. 185 ; 26 A. 730 ; 28 A. 537 ; 6 N. S. 348 ; 7 L. 50 ; 10 L. 283 ; 13 L. 205 ; 4 A. 248 ; 6 A. 542 ; 8 A. 19 ; 10 A. 329 ; 14 A. 210.

The title of the plaintiff could not be divested in such a manner.

The provisions of the law relative to expropriation, on account of non-payment of taxes, have always been strictly construed. It has never been held that one could be deprived of his title to property, unless he were constructively or actually notified of proceedings for that

purpose. It may well be that a notification in person or at domicile can be dispensed with, and that a mere advertisement may be deemed sufficient to convey proper information, but it is essentially necessary, whatever the form or the mode of issuing or serving the notice be, that it be directed to the *real* owner of the property, and *not* to parties who have *no title* to it. If the property was improperly assessed to whom it does not belong, instead of being so, to the *true owner*, the irregularity is imputable to the officers representing the government, whether State, parochial, or municipal. The validity of proceedings to coerce payment of taxes levied upon property assessed in that manner are contingent upon the sufficiency of such assessment.

The act relied upon, as justifying the defense of prescription, has the same features and the same object as that relative to monitions in cases of judicial sales, is subject to the same constructions, and cannot be accepted as intended to perfect titles in cases like the one at bar, in which the gravest irregularities and absolute nullities have been propounded, and were known to the party claiming title under the tax-sale.

It is a matter of serious doubt whether the defense of estoppel set up by the defendant can stand on its face as amplified by the evidence. Its object is to exclude from the revendication of her property one who charges that her title to the same was never legally divested from her. The facts upon which this defense is based are said to be that the plaintiff has, previous to the sale, induced the defendant to purchase the property, and has subsequently ratified the sale. The evidence offered in support of that plea is not in writing. It consists merely of oral testimony. It does not appear to have been objected to, and might, therefore, be entitled to effect, were it sufficient in itself. We have given it a careful attention. It is vague, conflicting, unsatisfactory, and certainly not such as should be required to substantiate such a defense. Parol testimony, if admissible, in such a case, for such a purpose, must be at least as precise and convincing as written evidence itself should be, otherwise it does not supply it.

It is worthy of notice that, these defenses, termed " *exceptions* " were expressly advanced as an " *answer.*" Were we to consider them *such*, we should, in strict pleading, now end this litigation with a judgment for the plaintiff as prayed for ; but, as we apprehend that the word was used by inadvertence, and as it is possible that the defendant may have rights which may thereby be set at nought, we make it our duty, in furtherance of the ends of justice, to dispose of the case before us otherwise.

It is therefore ordered that the judgment of the lower court, overruling the plea of prescription, be affirmed, and that in other respects it be reversed.

It is further ordered that the plea of estoppel be overruled, and that the case be remanded to the lower court for further proceedings according to law ; the defendant to pay costs in both courts, from the filing of the exceptions.