(138 So. 111)

**McCALL v. DOLEY.**

No. 30916.

Nov. 3, 1931.

Rehearing Denied Nov. 30, 1931.

Malcolm J. Taylor, of New Orleans, for appellant.

Harry McEnerny, Jr., and Delvaille H. Theard, both of New Orleans, for appellee Phœnix Building & Homestead Assn.

Fred G. Veith, of New Orleans, for appellee McCall.

LAND, J.

This is a suit to confirm a tax title to a certain portion of ground, situated in the Sixth district of the city of New Orleans, in square No. 644, bounded by Robert, Upperline, Clara, and Magnolia streets, beginning at a point 195 feet from the corner of Upperline and Magnolia streets, and measuring 45 feet on Upperline street by 120 feet in depth, between parallel lines.

The property in controversy was sold October 18, 1924, for delinquent state taxes of 1923, to the Third District Land Company. An act in confirmation of sale was passed before a notary public on October 28, 1924, and registered on the same day in the conveyance office for the parish of Orleans.

The property was assessed for the year 1923 to Sanders Badie, who was owner at the time the assessment was made. On May 30th of the same year Badie sold the property to the Phœnix Building & Homestead Association, the act being registered on May 31, 1923, and, on that day, the Homestead Association sold the property to Henry P. Eppling, Jr., the deed being recorded on the same day.

At the time of the sale of the property to the Third District Land Company, October 18, 1924, Henry P. Eppling, Jr., was the registered owner of the property. He resided, during the year 1924, and at the date of the trial still resided, at 4312 S. Claiborne avenue, and had been living there since 1923.

No notice of delinquency was served upon Eppling personally; the only notice given being by publication.

On July 21, 1925, Eppling sold the property back to the Phœnix Building & Homestead Association, and, on July 22, 1925, the Homestead Association sold the property to the defendant, Wensisles Doley; the act of sale being duly registered July 22, 1925.

Plaintiff, William J. McCall, acquired the property by act under private signature, dated May 23, 1929, and duly acknowledged before a notary public by act dated May 28, 1929.

The present suit to confirm the tax title, under Act No. 101 of 1898, was filed on June 14, 1929, or more than three years after the recordation of the tax deed made to the Third District Land Company, plaintiff's author in title.

Plaintiff therefore relies upon the prescription of three years, as provided by article 10, § 11, of the Constitution of 1921, to cure the defect of want of notice.

Within ten days following service of citation, defendant, in a separate action, brought suit to annul the tax sale, and made Henry P. Eppling, Jr., and the Phœnix Building & Homestead Association parties to the suit by calling them in warranty.

After service of petition and citation, Doley made a motion that his suit should be consolidated with the present suit to confirm the tax title, which was done.

Defendant contends that the tax sale is null and void for want of proper notice to the owner of record that the property would be sold for taxes, and that the prescription of three years has not run against him, since he has been in the actual possession of the property in dispute.

As proper notice was not given to Eppling, the record owner at the time of the sale of the property for the delinquent state taxes of 1923, the sole question to be determined by this court is whether the tax purchaser has been in possession under his tax title, or whether the tax debtor has been in the actual corporeal possession of the property.

When defendant purchased this property in 1925, he went into possession of it by having the property filled to grade. This fact is fully established by defendant and the witnesses who hauled the dirt and who were paid for it by defendant. Tr., pp. 39, 40, 45, 58, 59, 60, 61, 62, 63, 64.

In addition to this, defendant has paid all state and city taxes, since the date of his acquisition of this property in 1925, as well as for paving, and has kept the grass on the lot cut.

The Third District Land Company, which acquired the property in dispute at tax sale in 1924, merely built a skeleton fence on the front of the lot and ten feet on each side, the remainder of the lot being left unfenced and open. This was not done until December 10, 1927.

In Ciaccio v. Hartman, 170 La. 949, 129 So. 540, 541, it was said: "On the merits of the case, little need be said. It is shown that the plaintiff leased the property to one Balaske and he was the lessee at the time of the trial in the lower court. The lessee owned and occupied the property adjoining that of plaintiff, and his original purpose in leasing plaintiff's property was to grow vegetables; but this purpose was changed, and he bought a pony *and used the lot for pasturage and grazing purposes. He also stored lumber on the lot and pop boxes.* He kept a cold drink stand adjoining the property." (Italics ours.)

In the cited case we held that this evidence was "sufficient to show real and actual possession."

The filling in to grade of a lot in a large city by continuously hauling to it cartloads of dirt and leveling the loads on the lot, as was done in this case, is sufficient evidence, in our opinion, to show real and actual possession on the part of defendant.

Such acts are manifestly of an open and public character, and necessarily convey notice to the real owner that some one is asserting an adverse claim of ownership to the property improved.

The president of the Third District Land Company, who acquired the property in dispute in 1924, admits that he passed by this property once or twice a month, and noticed from time to time that filling had been dumped in there and that the grass had been cut. Tr., p. 7.

The witness stated, however, that the fillings looked like "street sweepings"; but there is not one scintilla of evidence in the entire record to support such claim.

Defendant acquired this property in 1925 and immediately began to fill it in, cut grass, etc., to the knowledge of the Third District Land Company, which waited until December 10, 1927, before it attempted to assert any kind of possession, and then built nothing but a skeleton fence on the front of the lot, and a strip of ten feet of fence on each side, failing to inclose the rest of the lot.

In our opinion, defendant was in actual and physical possession of the property in question, and the prescription of three years,

relied upon by plaintiff, cannot prevail in this particular case.

The decision of the lower court, recognizing plaintiff as the owner of the property in dispute, must therefore be reversed.

Under this view of the case, no judgment can be rendered in favor of defendant against plaintiff for taxes paid by defendant on the property, as was done in the court below.

It is therefore ordered that the judgment appealed from be annulled and reversed.

It is now ordered that there be judgment in favor of Wensisles Doley, defendant in suit to confirm tax sale, and petitioner in suit to annul tax sale, made to the Third District Land Company on October 18, 1924, recognizing the said Wensisles Doley as the true and lawful owner of the property described herein.

It is further ordered that said tax sale be annulled, and that the inscription of said tax sale be canceled from Conveyance Office Book 383, Folio 357, of the office of the registrar of conveyances for the parish of Orleans.

It is further ordered that there be judgment in favor of the Phœnix Building & Homestead Association, rejecting the calls in warranty and demands of Wensisles Doley against said association.

It is further ordered that there be judgment in favor of Henry P. Eppling, Jr., rejecting the calls in warranty and demands of Wensisles Doley against the said Eppling, and that there be judgment in favor of Wensisles Doley against William J. McCall for all costs of appeal and of the lower court.