146 So. 326

**MIRE et al. v. LA SALLE REALTY CO. OF LOUISIANA, Limited.**

No. 31858.

Jan. 30, 1933.

Rehearing Denied Feb. 27, 1933.

Theodore Cotonio, Jr., and Theodore Cotonio, Sr., both of New Orleans, for appellant.

Dresner & Dresner, of New Orleans, for appellees.

ROGERS, Justice.

Defendant appeals from a judgment annulling a tax sale of the property bearing the municipal No. 1510 North Prieur street made to defendant by the city of New Orleans on January 26, 1928, for the delinquent taxes of the year 1925. The judgment awards defendant $177.95, with interest, for taxes paid by it, but condemns defendant to pay plaintiffs $49, with interest, for rents collected by it.

Plaintiffs, who are of the negro race and nonresidents, are the sister and brothers of the late Alfred Mire, who purchased the property in dispute on November 17, 1898, by a notarial act which is duly registered in the conveyance records of the city of New Orleans in book 172, folio 57.

Alfred Mire died on June 24, 1910. On January 13, 1911, a compromise agreement was entered into between plaintiffs and Elizabeth Bacasse, widow of Alfred Mire. This agreement which was registered in the conveyance records in book 239, folio 584, was incorporated in a judgment rendered and signed on January 19, 1911, by the civil district court for the parish of Orleans in the Succession of Alfred Mire, which judgment was registered on the same day in the conveyance records in book 239, folio 598. The judgment recognizes the plaintiffs as sole heirs of their brother Alfred Mire and as such owners of the property in dispute. Elizabeth Bacasse, widow of Alfred Mire, as the widow in necessitous circumstances was given during the term of her natural life the usufruct of the property; and on the termination of the usufruct her heirs are to be paid $1,000 out of the proceeds of the property. In the event of a prior sale she is to receive $1,000 out of the proceeds of the sale.

Under the agreement between plaintiffs and the widow of Alfred Mire, the latter agreed to pay the taxes on the property. She failed, however, to pay the taxes due the city of New Orleans for the year 1925, resulting in the sale to defendant.

The property was assessed in the name of Alfred Mire, in whose name it was advertised for sale for the delinquent taxes. The

only notice of delinquency issued is the one addressed to Alfred Mire, who had been dead sixteen years; and the return thereon shows that service was made on "Mss. A. Mire" at 1516 North Prieur street, "Alfred Mire, the tax debtor" being "absent from his home at that time."

The widow of Alfred Mire, the usufructuary, continuously occupied a portion of the premises, renting the remaining portion to various tenants, without disturbance until some time in September, 1930, when the attorney, who is also the secretary-treasurer, of the defendant company, called and informed her of the tax sale, demanding that the rents collected from the tenants be paid him. After several conferences, the usufructuary, who apparently is an uninformed negro woman, began to turn over to defendant's representative the rents collected by her, which for the period elapsing between September 27, 1930, and January 31, 1931, amounted to $49. The usufructuary never paid defendant any rent for her own occupancy of the property, her occupancy continuing to the present time.

The tax sale first came to the notice of Adolph Mire, one of the plaintiffs, in the latter part of 1930, at which time he called on the attorney of defendant for the purpose of ascertaining the amount necessary for the redemption of the property. Defendant's attorney instead of giving him the desired information inquired as to how much he would take for his interest in the property. Adolph Mire than consulted counsel on his own behalf and on behalf of his co-owners. As a result of this, the usufructuary was advised not to turn over any more rent collections to defendant's attorney, which advice she fol-

lowed, and a letter under registered cover was written by plaintiffs' attorney to the defendant, directing attention to the nullity of the tax sale, and offering to pay defendant the amount necessary for the redemption of the property. This letter was sent defendant on January 22, 1931, which was within one year after the representative of defendant had notified the usufructuary that defendant had purchased the property and within three years of the date of the registry of the tax sale in the conveyance records. The letter was not answered, and plaintiffs' attorney telephoned defendant's attorney to ascertain defendant's decision in the matter, and was informed that defendant would do nothing as the redemption period had expired. On February 21, 1931, plaintiffs filed this suit for the annulment of the tax sale.

It is undisputed that no notice of delinquency and intention to sell was ever served on any of the plaintiffs. Defendant argues, however, that plaintiffs have only a residuary interest in the property, since the property may never sell for the $1,000 secured to the widow of Alfred Mire, who is the real party in interest; that she is the one to whom the law looks for the payment of the taxes on her property; and that it was not necessary to notify plaintiffs that there were any taxes due, notice to the widow of Alfred Mire being sufficient.

■ The answer to the argument is that plaintiffs are the record owners of the property and the widow of Alfred Mire merely the record usufructuary thereof. The property is alleged in plaintiffs' petition to be worth more than $2,000, and the attorney of defendant, in his testimony, admitted this valuation to be correct. The usufructuary is merely in the position of a person holding a mortgage of $1,000 on plaintiffs' property. The agreement between plaintiffs and the usufructuary that the usufructuary should pay the taxes does not make her the tax debtor so far as the taxing authorities are concerned. The agreement is nothing more than a private arrangement between the parties themselves.

■ And it is not satisfactorily shown in the record that any notice whatever was even served on the widow of Alfred Mire. The clerk, an extra employee of the city, who certified to the service could not identify the person in whose hands the notice was left, although he seemed to be positive in his statement that the service was made at No. 1516 North Prieur street. He further testified that he did not know whether the "Mss" appearing on the return stood for "Miss" or "Mrs."

The widow of Alfred Mire has always lived at No. 1510 North Prieur street, the property in dispute. She emphatically denied that she was ever served with any notice of delinquency. It is true, the attorney of the defendant testified that the usufructuary had admitted to him that she had received the notice, but testimony of oral admissions is generally regarded as the most unsatisfactory species of evidence, because of the danger both of misunderstanding and misrecollection of what was said. The testimony regarding the admission of the usufructuary cannot overcome her denial under oath that she was served with the notice of delinquency, which is corroborated by the intrinsic evidence of the return itself and by the testimony of the clerk who made the return.

It is well settled by repeated decisions of this court that no matter in whose name the property has been assessed, the owner of record at the time of the advertisement and sale for taxes is to be regarded as the delinquent tax debtor within the meaning of the constitutional provision requiring notice to be given to the delinquent before making the sale, and where notice of delinquency was not given to the record owner, the tax sale is void. Adsit v. Park, 144 La. 934, 81 So. 430; Kivlen v. Horvath, 163 La. 904, 113 So. 140; Ryals v. Todd, 165 La. 952, 953, 116 So. 395; In re LaSalle Realty Co., Ltd., 171 La. 965, 132 So. 516.

Where the tenant or any other person holding for account of the owner continues to occupy the property after the tax sale, the tax title is not protected by the prescription of three years. Carey v. Cagney, 109 La. 77, 33 So. 89; Adsit v. Park, 144 La. 934, 81 So. 430; Flanagan v. Land Development Co., 145 La. 843, 83 So. 39.

Defendant complains of that part of the judgment condemning defendant to pay plaintiffs $49, the amount of rents which defendant collected from the usufructuary, contending that these rents belonged to the usufructuary and not to plaintiff. The contention is well founded. Under the agreement between plaintiffs and the widow of Alfred Mire these rents are the property of the latter, and she, and not the plaintiffs, should have sued defendant for their recovery. The judgment will have to be amended in that respect.

As authorized by Act No. 229 of 1910, p. 388, the costs of appeal as well as those of the district court will be taxed against the defendant.

For the reasons assigned, the judgment appealed from is annulled so far as it condemns defendant to pay plaintiffs $49, with interest, for the rents collected by defendant; and in all other respects the said judgment is affirmed. Defendant to pay costs of appeal as well as the costs of the district court.