155 So. 258

**IDEAL SAVINGS & HOMESTEAD ASS'N**
**v. YOCHIM.**

No. 32424.

April 23, 1934.

Rehearing Denied May 21, 1934.

Joseph D. Hyland, of New Orleans, for appellant.

H. W. & H. M. Robinson, P. D. Olivier, and George E. Konrad, all of New Orleans, for appellee.

ODOM, Justice.

Plaintiff purchased certain property in the city of New Orleans from Leon Donaldson on June 29, 1926. It recorded its deed promptly, took physical possession of the property immediately, and has had possession of it ever since.

On November 25, 1927, or approximately a year and six months later, the property was sold to the defendant, Yochim, by the city of New Orleans for the city taxes of 1925, due by plaintiff's vendor, Donaldson, to whom the property was assessed. The adjudication was confirmed by deed executed by the city tax collector in April, 1928, which deed was duly recorded.

Plaintiff brought this suit to annul the tax sale and to have the tax deed canceled and erased from the records. There was judgment for plaintiff as prayed for, and defendant appealed.

Plaintiff set up several grounds of nullity, one of which was that no notice of delinquency and demand for the payment of the taxes was served on it, as required by section 50, Act No. 170 of 1898.

It is admitted that although plaintiff had been the record owner of the property for a year and six months when the advertisement and sale of the property took place, no such notice was served upon it. For that reason, the judgment annulling the tax sale was correct, for it is now settled that "no matter in whose name the property has been assessed, the owner of record at the time of the advertisement and sale for taxes is to be regarded as the delinquent

tax debtor within the meaning of the constitutional provision requiring notice to be given to the delinquent before making the sale, and where notice of delinquency was not given to the record owner, the tax sale is void." Mire et al. v. LaSalle Realty Co. 176 La. 663, 146 So. 326, 327; In re La-Salle Realty Co., 171 La. 965, 132 So. 516; Ryals v. Todd, 165 La. 952, 116 So. 395; Kivlen v. Horvath, 163 La. 904, 113 So. 140; Adsit v. Park, 144 La. 934, 81 So. 430.

■ Leon Donaldson was the record owner of the property in 1925 and it was assessed to him on the rolls of that year. It was for the taxes of that year due by him that it was sold. Notice of delinquency was served on him on June 11, 1926, on which date he was the record owner. He sold it to plaintiff on June 29. Defendant contends that the notice served on Donaldson suffices for the advertisement and sale made near the end of the year 1927. We cannot so hold. Section 50, Act No. 170 of 1898, provides that on the second day of January of each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid his taxes on real property for the previous year, written or printed notices that his taxes must be paid within twenty days after service or mailing of such notice or that said property will be sold according to law.

Plaintiff was the record owner of this property on January 2, 1927, the year in which it was sold. The taxes for 1925 were still delinquent, but no notice of delinquency

was ever served on plaintiff as the act requires. The tax sale was therefore invalid.

The judgment is affirmed.

ST. PAUL, J., absent.