**24 So.2d 870**

**LA PLAQ REALTY, Inc., v. VAUGHAN et al.**

**VAUGHAN et al. v. LA PLAQ REALTY, Inc.**

**No. 37768.**

Dec. 10, 1945.

Rehearing Denied Feb. 11, 1946.

Fred G. Veith and John R. Perez, both of New Orleans, for plaintiff and appellant.

Brian & Brian, of New Orleans, for plaintiffs-appellees.

Emmet Alpha, of New Orleans, for intervener-appellee.

O'NIELL, Chief Justice.

A corporation styled La Plaq Realty, Inc., brought suit by summary proceeding against Uri Vaughan and Fred Portie on July 26, 1943, praying to be placed in possession of a tract of 1140 acres of land in Plaquemines Parish under a tax deed or redemption deed dated October 24, 1936. The sale purported to be made under authority of Act 161 of 1934. Vaughan and Portie being in possession of the land as owners brought a separate suit against La Plaq Realty, Inc., in the form of a possessory action, or an action for slander of title, and obtain a preliminary injunction enjoining La Plaq Realty, Inc., from dispossessing Vaughan and Portie and from slandering their title. The judge of the district court ordered the two suits consolidated and dealt with them as a petitory action, with La Plaq Realty, Inc., as the plaintiff and Vaughan and Portie as the defendants. While the suit was pending Vaughan's wife died, and her daughter, Mrs. Joyce Vaughan Clark, being her only heir, intervened as a defendant, claiming her mother's half interest in the community property. After hearing the case on its merits the judge gave judgment rejecting the demands of La Plaq Realty, Inc., and perpetuating the writ of injunction obtained by Vaughan

and Portie. La Plaq Realty, Inc., is appealing from the judgment, and Vaughan and Portie and Mrs. Clark have answered the appeal and are asking that the judgment be affirmed so far as it rejects the demand of La Plaq Realty, Inc., and that it be amended so as to recognize and confirm expressly the title of Vaughan and Portie and Mrs. Clark.

The chain of title under which La Plaq Realty, Inc., is claiming title to the land is as follows:

(1) A tax sale to the State dated October 1, 1921, under an assessment in the name of Rudolph J. Becker, for the taxes of 1920;

(2) A redemption deed dated December 6, 1934, to Vaughan and Portie, as assignees of Rudolph J. Becker and of the heirs of one O. P. Ode, under the provisions of Act 161 of 1934; and

(3) A sale made by the sheriff, ex-officio tax collector, of Plaquemines Parish, to La Plaq Realty, Inc., dated October 24, 1936, the sale being made for nonpayment of the first installment, amounting to $3.04, due by Vaughan and Portie under the redemption deed by which they bought the property on December 6, 1934.

Obviously, the reason why Vaughan and Portie obtained an assignment from the heirs of O. P. Ode, deceased, of whatever interest the heirs had in the land, in addition to obtaining an assignment from Rudolph J. Becker, is that Ode purchased from Becker, on May 12, 1923, Becker's interest in the land, being his right of redemption.

Inasmuch as Vaughan and Portie had actual possession of the property as owners at the time when this litigation arose and had had such possession continuously for a period exceeding 16 years, the judge was right in dealing with the consolidated cases as a petitory action, with La Plaq Realty, Inc., in the position of plaintiff and Vaughan and Portie and the intervener in the position of defendants.

Vaughan and Portie had the land entirely fenced, and constructed and maintained a family residence on the land for both of them. They cultivated a large portion of the high land and pastured cattle on the remaining portion; and they trapped fur-bearing animals on all of the land that was not cultivable, consisting of marsh and swamp land. They constructed and maintained canals and bridges which they used constantly in their trapping operations. They paid the taxes on the land during all of the 16 years previous to the bringing of this suit, and as far as the record shows, they are paying the taxes yet. Each of them maintains a residence in New Orleans, and each one with his family resides in his New Orleans home during a part of every summer. But both of them have resided on the land in contest during all of every winter, attending to their business of trapping and farming, which is their livelihood; and they and their families have resided on the land during the greater part of all seasons during the 16 years. No one ever had adverse possession of the land or disturbed Vaughan or Portie in their possession.

The issues in this case seem complicated because Vaughan and Portie have several independent titles which they are asserting. But the only question necessary to be decided is whether the sale made by the sheriff, ex-officio tax collector, to La Plaq Realty, Inc., on October 24, 1936, was a valid sale. Inasmuch as Vaughan and Portie are in possession of the property as owners, and inasmuch as La Plaq Realty, Inc., claims title from Vaughan and Portie by virtue of the sale dated October 24, 1936, if that sale is not valid that is the end of the case. The judge of the district court held that the sale was not valid because there was on record a prior redemption deed to one Claude H. Smith, dated July 21, 1934, showing that all taxes and tax liens theretofore existing in favor of the State were paid and extinguished. Vaughan and Portie bought from Smith whatever title Smith acquired by what the judge called the redemption deed, dated July 21, 1934. That deed is one of the titles which Vaughan and Portie are setting up against the claim of La Plaq Realty, Inc., in this suit. It was because of the redemption deed made to Smith on July 21, 1934, that the judge held that the redemption deed made to La Plaq Realty, Inc., on October 24, 1936, was not valid. The judge stated in his reasons for the judgment rendered in this case that the validity of the redemption deed made to Smith on July 21, 1934, should be tested, if tested at all, by La Plaq Realty, Inc., in a direct action, but could not be attacked collaterally in this suit. Pretermitting the question whether the redemption of this land by Smith on

July 21, 1934, was a sufficient cause for declaring null the redemption deed to La Plaq Realty, Inc., dated October 24, 1936, our opinion is that the latter redemption deed is null for the failure to give notice to Vaughan and Portie of the seizure and intended sale by the sheriff, ex-officio tax collector, at any time before the sale.

Vaughan and Portie, in their petition in this suit, alleged under oath that no notice was ever served upon either of them by the sheriff, ex-officio tax collector, of his seizure or of his intention to sell the land in contest, and that for that reason the deed made by the sheriff to La Plaq Realty, Inc., on October 24, 1936, was null. La Plaq Realty, Inc., in its answer to that allegation did not deny specifically that no notice of the seizure or intended sale was served upon Vaughan and Portie. La Plaq Realty, Inc., merely denied generally the allegations in that paragraph of the petition and denied specifically that the deed made by the sheriff, ex-officio tax collector, to La Plaq Realty, Inc., on October 24, 1936, was null or void because the sheriff, ex-officio tax collector, served no notice of seizure or of his intention to sell the property; and La Plaq Realty, Inc., further averred "that no notice was necessary to be given to the plaintiffs in the injunction [Vaughan and Portie] for the reason that said sale was made under the provisions of Act 161 of 1934," et cetera. La Plaq Realty, Inc., averred finally that the deed spoke for itself. The only place in the deed where it "speaks for itself," on that subject, is the stereotyped expression in the form of the deed "giving

notice to all parties in interest." There is no indication in that expression that any notice was given to either Vaughan or Portie except the publication appearing in the official journal. Therefore, the expression in the stereotyped form of the deed "giving notice to all parties in interest" really added nothing to the maxim Omnia rite acta praesumuntur; which presumption—that all things are presumed to have been done regularly—is after all a rebuttable presumption. In this instance the presumption is sufficiently rebutted. How unlikely it is that both Vaughan and Portie would have neglected to pay the first maturing installment of $3.04 if either, of them had been served with a notice of the seizure and intended sale of their property. They had paid, as the price for their original purchase of the land, on October 29, 1925, $4,480 to the one from whom they bought the land  At the moment of the adjudication to La Plaq Realty, Inc., on October 24, 1936, the total amount of the five tax installments was only $15.17; and the total amount of the adjudication to La Plaq Realty, Inc., was only $51.75, which included the parish taxes, all district taxes, the accrued interest, the cost of publication of the proposed sale, and even the cost of recording the deed to La Plaq Realty, Inc. Vaughan and Portie had not only paid $4,480 for one of the deeds to this property but had paid for it on July 14, 1928, $251.30 at a tax sale under an assessment in the name of John F. Hansen. Again, to clear their title, on January 30, 1932, they paid $1,000 to one Henry J. Robbert in compromise of a suit in which

he had appealed. All of these titles are set up by Vaughan and Portie in opposition to the title claimed by La Plaq Realty, Inc. It appears therefore that the total price which Vaughan and Portie paid for the land in contest exceeded $5,800, to say nothing of the cost of the improvements. The evidence shows therefore—and it is not disputed—that the property was worth many times the $51.75 for which Vaughan and Portie might have saved it at any time down to the moment of adjudication. All of which indicates that Vaughan and Portie were not given notice of the intended adjudication.

In the briefs filed by La Plaq. Realty, Inc., there is no contention that notice of the seizure and of the intended sale was served upon Vaughan or Portie, the only contention of La Plaq Realty, Inc., in that respect being that Act 161 of 1934 did not require service of such notice.

This statute, Act 161 of 1934, was only temporary legislation, having effect only until September 30, 1935. Its purpose was to afford persons whose property had been sold to the State for delinquent taxes an opportunity to redeem their titles by contracting with the State Auditor and the Register of the State Land Office to pay the delinquent taxes in five annual installments. It was under authority of that act that Vaughan and Portie redeemed the land now in contest. The price of the redemption was $15.17, the first and second installment being for $3.04 each, and the third, fourth and fifth installment being for $3.03 each. Vaughan and Portie failed to pay the first installment of $3.04 when it

became due, and it was for that default that their property was sold by the sheriff, ex-officio tax collector, to La Plaq Realty, Inc., on October 24, 1936. It was provided in the statute that a default in the payment of any one of the five installments would mature all remaining installments and would authorize the tax collector to seize without suit and advertise and sell the property in the manner provided for tax sales. The statute contained the provision that the tax debtor or debtors—in this case Vaughan and Portie—might release the property from seizure by paying the remaining installments at any time "down to the moment of adjudication." The statute provided further that the adjudication should be evidenced by a deed executed by the tax collector to the purchaser as in the case of judicial sales. This provision, for *seizure* and sale of the property as in the case of judicial sales, and the provision allowing the debtor to release the seizure at any time down to the moment of adjudication, convey the necessary implication that the so-called seizure, even though it might be only a constructive seizure, should be preceded or accompanied by service of a notice of seizure, and notice of the proposed sale, upon the tax debtor who had redeemed the property on the installment plan. It is true that notice of the proposed sale by the tax collector was published in the official journal of the Parish of Plaquemines, but in the publication the name of R. J. Becker was given as the name of the "delinquent installment tax debtor." He was not the "delinquent installment tax debtor". The only

delinquent installment tax debtors, as far as this property was concerned, were Vaughan and Portie. Therefore, although the publication of the intended sale might have been a valid publication, it could not take the place of a service of notice upon Vaughan and Portie, who were in fact the only delinquent installment tax debtors. Neither of them was mentioned anywhere in the publication as a delinquent installment tax debtor, or as the owner of the property, or in any way whatsoever. The service of a notice upon the debtor is essential to the validity of any seizure and sale of real estate to enforce the payment of a debt. Lamorandier v. Meyer, 8 Rob. 152; Birch v. Bates, 22 La.Ann. 198; Graff v. Moylan, 28 La.Ann. 75; Lague v. Boagni, 32 La.Ann. 912; Hodding v. City of New Orleans, 48 La.Ann. 982, 20 So. 199; Recker v. Dupuy, 161 La. 392, 108 So. 782; Kivlen v. Horvath, 163 La. 901, 113 So. 140; McCall v. Doley, 173 La. 587, 138 So. 111; Federico v. Nunez, 173 La. 957, 139 So. 18; Mire v. La Salle Realty Co., Ltd., 176 La. 663, 146 So. 326; Ideal Savings & Homestead Ass'n v. Yochim, 179 La. 885, 155 So. 258; Schwing Lumber & Shingle Co. v. Board of Commissioners, 202 La. 477, 12 So.2d 235. It is declared in Section 11 of Article X of the Constitution, with reference to tax sales, that the collector shall, without suit, and after giving notice to the delinquent in the manner provided by law, advertise for sale in the official journal, et cetera. It is plain therefore that there must be a giving of notice to the delinquent previous to the advertising of the sale in the official journal. And it

is declared in Act 161 of 1934, being the statute on which La Plaq Realty, Inc., depends for the validity of its title, that the seizure and sale shall be made "in the manner provided for tax sales."

Vaughan and Portie pleaded that if for any reason they had not acquired title for the land by virtue of their deeds they had acquired it by the prescription of ten years; but the judge found that the title to the land was vested in the State during a part of the period of 16 years in which Vaughan and Portie had possession of it, and hence that the prescription was not applicable. We find it unnecessary to decide whether the plea of prescription was applicable.

The judgment appealed from is affirmed so far as the judgment dismisses the demand of La Plaq Realty, Inc., but the judgment is amended so as to recognize expressly the title of the defendants, Uri Vaughan and Fred Portie, and of the intervener, Mrs. Joyce Vaughan Clark, to the land in dispute, so far as La Plaq Realty, Inc., is concerned; which land is described as follows:

A certain tract of land, comprising 1140 acres, situated in the Parish of Plaquemines, on the left bank of the Mississippi River and designated as lots numbered 121 to 149, both inclusive, in Section 33, T. 14 S., R. 14 E., and in Sections 4 and 9 in T. 15 S., R. 14 E., according to the map called Subdivision by R. J. Becker, dated April 30, 1918, and recorded in the Parishes of Plaquemines and St. Bernard.

The appellant, La Plaq Realty, Inc., is to pay the costs of these consolidated suits.

On Motion to Correct the Decree.

PER CURIAM.

Uri Vaughan and Fred Portie filed a motion to correct the decree in this case on the ground that it "leaves out Section 3, T. 15 S., R. 14 E." They ask that the description be amended so as to include Section 3, without the necessity for a rehearing, "since the court has left out said Section 3, as a mere typographical error".

The consolidated cases were dealt with by the district court and by this court as a petitory action, with La Plaq Realty, Inc., in the position as plaintiff and Vaughan and Portie in the position of defendants.

La Plaq Realty, Inc., in the description of the property in its suit for possession, did not include Section 3. It is a very small fractional section, its area being approximately only six acres. In its answer to the possessory action brought by Vaughan and Portie La Plaq Realty, Inc., did not include Section 3 in its description of the property. The trial judge in his reasons for judgment described the lands to which La Plaq Realty, Inc., claimed a better title, and omitted Section 3. The redemption deed to Claude H. Smith, dated June 21, 1934, which was assigned to Vaughan and Portie and offered by them in evidence, and which the judge in his reasons for judgment held could not be "collaterally attacked," and which was held to be "positive proof that the tax lien and title acquired by the State in 1921 * * * had been extinguished," described the property without including Section 3. All of the claims of La Plaq Realty, Inc., de-

scribed the property without including Section 3. In fact, all of the deeds emanating from Becker omit Section 3.

As La Plaq Realty, Inc., did not claim title to Section 3 we did not have occasion to pass upon the title to that section. We merely dismissed the suit of La Plaq Realty, Inc., and confirmed the title of Vaughan and Portie to the land claimed by La Plaq Realty, Inc.

The motion to correct the decree is denied.