This is a suit wherein plaintiff alleges that defendants are indebted to him in the sum of $3210.00 on account of personal injury and damage to his automobile, which occurred on February 3, 1944. We have carefully reviewed the record in this case, in which the district judge has favored us with a written opinion, and, being of the opinion that he has correctly resolved the facts and the law, we adopt his opinion as our own. The opinion of the district judge follows:
"Plaintiff sues the defendant, M.A. Tilbury, and defendant's insurer, Maryland Casualty Company, for damages for injuries to plaintiff's automobile and person alleged to have been sustained in a collision with a truck belonging to Tilbury and operated negligently by his employed negro driver acting within the scope of his employment.
"The defense is a denial of negligence and, in the alternative, contributory negligence on the part of plaintiff barring his recovery. There is no reconventional demand for the damages sustained by defendant's truck.
"The collision occurred at the intersection of Creswell and Jordan Streets, in Shreveport, about 4:30 P.M. on February 3, 1944. Creswell runs North and South, *Page 839 
Jordan East and West. A traffic light, with the customary green, amber and red lights, hangs over the center of the intersection. Plaintiff was en route fromny one of the five installments would mature all remaining installments and would authorize the tax collector to seize without suit and advertise and sell the property in the manner provided for tax sales. The statute contained the provision that the tax debtor or debtors — in this case Vaughan and Portie — might release the property from seizure by paying the remaining installments at any time "down to the moment of adjudication." The statute provided further that the adjudication should be evidenced by a deed executed by the tax collector to the purchaser as in the case of judicial sales. This provision, for seizure and sale of the property as in the case of judicial sales, and the provision allowing the debtor to release the seizure at any time down to the moment of adjudication, convey the necessary implication that the so-called seizure, even though it might be only a constructive seizure, should be preceded or accompanied by service of a notice of seizure, and notice of the proposed sale, upon the tax *Page 874 
debtor who had redeemed the property on the installment plan. It is true that notice of the proposed sale by the tax collector was published in the official journal of the Parish of Plaquemines, but in the publication the name of R.J. Becker was given as the name of the "delinquent installment tax debtor." He was not the "delinquent installment tax debtor". The only delinquent installment tax debtors, as far as this property was concerned, were Vaughan and Portie. Therefore, although the publication of the intended sale might have been a valid publication, it could not take the place of a service of notice upon Vaughan and Portie, who were in fact the only delinquent installment tax debtors. Neither of them was mentioned anywhere in the publication as a delinquent installment tax debtor, or as the owner of the property, or in any way whatsoever. The service of a notice upon the debtor is essential to the validity of any seizure and sale of real estate to enforce the payment of a debt. Lamorandier v. Meyer, 8 Rob. 152; Birch v. Bates, 22 La. Ann. 198; Graff v. Moylan, 28 La. Ann. 75; Lague v. Boagni, 32 La. Ann. 912; Hodding v. City of New Orleans, 48 La. Ann. 982, 20 So. 199; Recker v. Dupuy, 161 La. 392, 108 So. 782; Kivlen v. Horvath,163 La. 901, 113 So. 140; McCall v. Doley, 173 La. 587, 138 So. 111; Federico v. Nunez, 173 La. 957, 139 So. 18; Mire v. La Salle Realty Co., Ltd., 176 La. 663, 146 So. 326; Ideal Savings 
Homestead Ass'n v. Yochim, 179 La. 885, 155 So. 258; Schwing Lumber Shingle Co. v. Board of Commissioners, 202 La. 477,12 So.2d 235. It is declared in Section 11 of Article X of the Constitution, with reference to tax sales, that the collector shall, without suit, and after giving notice to the delinquent in the manner provided by law, advertise for sale in the official journal, et cetera. It is plain therefore that there must be a giving of notice to the delinquent previous to the advertising of the sale in the official journal. And it is declared in Act 161 of 1934, being the statute on which La Plaq Realty, Inc., depends for the validity of its title, that the seizure and sale shall be made "in the manner provided for tax sales."
Vaughan and Portie pleaded that if for any reason they had not acquired title for the land by virtue of their deeds they had acquired it by the prescription of ten years; but the judge found that the title to the land was vested in the State during a part of the period of 16 years in which Vaughan and Portie had possession of it, and hence that the prescription was not applicable. We find it unnecessary to decide whether the plea of prescription was applicable.
The judgment appealed from is affirmed so far as the judgment dismisses the demand of La Plaq Realty, Inc., but the judgment is amended so as to recognize expressly the title of the defendants, Uri Vaughan and Fred Portie, and of the intervener, Mrs. Joyce Vaughan Clark, to the land in dispute, so far as La Plaq Realty, Inc., is concerned; which land is described as follows.
A certain tract of land, comprising 1140 acres, situated in the Parish of Plaquemines, on the left bank of the Mississippi River and designated as lots numbered 121 to 149, both inclusive, in Section 33, T. 14 S., R. 14 E., and in Sections 4 and 9 in T. 15 S., R. 14 E., according to the map called Subdivision by R.J. Becker, dated April 30, 1918, and recorded in the Parishes of Plaquemines and St. Bernard.
The appellant, La Plaq Realty, Inc., is to pay the costs of these consolidated suits.
 On Motion to Correct the Decree.