Plaintiff, alleging himself to be the owner of Lot No. Thirteen (13) of Block one (1) of the West Shreveport subdivision of the City of Shreveport, Louisiana, attacks the legality of and seeks to have annulled a tax sale of said lot to defendant, J.E. Sandefur, for taxes of the year 1938 under an assessment thereof in the name of Blanche Roberson. The tax deed was recorded on July 13, 1939.
Plaintiff acquired title to the lot through foreclosure of a mortgage thereon contradictorily with the heirs of Blanche Roberson who died in Caddo Parish on March 9, 1936. The sheriff's sale took place on December 1, 1937, but the deed thereunder was not filed for record until March 17, 1938. Plaintiff sold the lot to M.M. Smith on September 12, 1944, but reacquired it from Smith on February 26, 1946. Because of the tardy filing of the sheriff's deed to plaintiff, the property was assessed for 1938 in the name of Blanche Roberson as had been done for many years prior. The nullity of the tax sale is sought on the following specific grounds, to-wit:
1. That it was made on an assessment to Blanche Roberson, who had died prior to January 1, 1938, and without givingher any legal notice of the delinquency of the taxes;
2. That the advertisement of the property for sale for taxes and other proceedings prior thereto were conducted in the name of Blanche Roberson, a dead person, whose interest in the lot had been acquired by plaintiff prior to January 1, 1938;
3. That plaintiff was not given notice of the delinquency of said taxes nor of the tax collector's intention to sell the lot therefor.
Plaintiff further alleges that under the sheriff's sale to him he went into the actual, physical possession of said lot and that such possession has been continuous in him and *Page 517 
said M.M. Smith and their agents to the date this suit was filed; that for this reason prescription on the tax sale has not run. In other words, his position is that due to his alleged possession of the lot at date of tax sale to Sandefur and thereafter, the current of prescription that otherwise would have run has been suspended.
Plaintiff also attacks as not binding on him the judgment confirming the mentioned tax sale, provoked in suit by defendant, Sandefur, in the year 1945. This attack is based upon the fact that plaintiff was not made a party to said proceedings.
Sandefur and his vendee, Arthur L. Bennett, are made defendants. They deny that plaintiff or his vendee, Smith, at any time took or had the actual, physical possession of the lot involved herein and affirmatively plead the superiority of the tax title under which they have held. They invoke the prescription of five years established by Section 11, Article X of the Constitution of 1921, as amended, against the attack made on the tax sale. This plea of prescription was sustained by the lower court, and the demands of plaintiff rejected at his cost. He appealed to this court.
[1, 2] It is not contended that the succession of Blanche Roberson was ever opened in Caddo Parish, nor elsewhere; nor is it contended that the tax assessor had knowledge of her death prior to January 1, 1938. In view of these facts, the assessments in the name of Blanche Roberson was valid under the law. Sections 25 and 53 of Act No. 170 of 1898. However, notwithstanding the legality of this assessment, since plaintiff was the record owner of the lot when the tax sale took place, notice of delinquency of taxes for the year 1938 should have been given him prior to the date of sale.
Section 50 of Act No. 170 of 1898 requires that the tax collector or sheriff shall on January 2nd of each year, or as soon thereafter as possible, address to each tax payer who has not paid all taxes assessed to him on immovable property, written or printed notice in the manner provided in Section 51 of said act, that such taxes must be paid within twenty (20) days after the service or mailing of said notice, or that the property will be sold according to law to satisfy such delinquent taxes. Section 51 of the act provides that the mentioned notice shall be sent by registered mail.
It is not contended by defendants that the notice above referred to was served on or mailed to plaintiff.
[3] It has been repeatedly held by the Supreme Court of this state that the record owner of immovable property at time of advertisement and sale thereof for delinquent taxes is regarded as the delinquent tax debtor within the meaning of the statutory and constitutional provisions requiring that notice of the delinquency of taxes be given to the tax debtor prior to sale of the affected property. See: Ideal Savings Homestead Association v. Yochim 179 La. 885, 155 So. 258, and the array of cases therein cited.
[4] Therefore, since plaintiff was not given notice of delinquency of the taxes assessed against the lot involved herein, prior to the date of tax sale to Sandefur, as required by the cited law, the tax sale was and is vulnerable to the attack herein leveled against it, unless said nullity is cured by the constitutional prescription or peremption of five years invoked by defendants. And since more than five years have intervened between the date of the registry of said tax sale to Sandefur and the filing of this suit, said prescription or peremption is applicable unless its operative effect has been suspended by actual, physical possession of the lot by plaintiff, Smith and/or their agents. Board of Commissioners for Atchafalaya Basin Levee District v. Sperling, 205 La. 494,17 So.2d 720.
The lot in question is located in a section of the City of Shreveport inhabited by negroes. The residence thereon burned in 1927. The lots on either side of it are improved and occupied. With the permission of Blanche Roberson one of the adjacent owners erected a fence around the lot to protect from chickens a garden he planted thereon. The fence was constructed of inferior material and was, at best, a poor one. It constantly needed attention to prevent it from falling down. At the time of trial and for some years prior, there was *Page 518 
no visible evidence of the fence save a few standing posts.
When plaintiff first visited the lot after the sheriff's deed to him, he observed a garden thereon and some evidence of the mentioned fence. He made no effort to interfere with the situation as he found it, but, on the contrary, permitted the man who had built the fence to thereafter plant gardens on the lot. It is not definitely shown how long he did this, but it fairly well appears that for two or three years thereafter he made gardens on a part of the lot. Plaintiff did not rent nor lease the lot to the man but simply allowed him to use part of it for said purpose. Beyond this, and the occasional gathering of some figs from trees at the backend of the lot, plaintiff has exercised thereon no physical or corporeal possession whatever. Smith, his vendee, forbade the gardener to use any part of the lot for garden or other purposes.
Plaintiff specifically alleged that his possession consisted of maintaining enclosure of the lot from the time of acquisition by him to date of trial, annually gathering figs from trees thereon, having a tenant who maintained and occupied a building thereon and who, it is alleged, annually cultivated gardens on part of it, using a portion thereof for poultry purposes, and by excluding all others from the lot. The testimony does not sustain these allegations.
The lot has been regarded by realtors as vacant property for many years. Passers-by, at will, in season, freely entered upon the lot and gathered figs from the trees thereon. The fence was blown down by wind and the material from which constructed has practically all disappeared. The only structure on the lot that could possibly be called a building was a flimsy chicken house erected by an adjacent owner near the lot's rear end. This structure at date of trial was in a rotten and dilapidated condition.
[5, 6] The best that can be said of plaintiff's possession of the lot in question is that it is and has been only civil, which is not adequate to prevent the operative effect of the pleaded prescription. The possession required to prevent the current of such prescription must be open, actual and physical; of such character as to be in effect a continuous protest against the tax sale; it must be of such character as to form the basis of the prescription of ten (10) years. This is lacking in the present case. Board of Commissioners for Atchafalaya Basin Levee District v. Sperling, 205 La. 494,17 So.2d 720.
For the reasons herein given, the judgment appealed from is affirmed with costs; and, accordingly, defendant, Arthur L. Bennett, is hereby recognized as the owner of the lot involved herein, to-wit: Lot Thirteen (13) of Block One (1) of the West Shreveport Subdivision of the City of Shreveport, Caddo Parish, Louisiana.