GLADNEY, Judge.
This is a suit for property damages, medical expenses and personal injuries resulting from an intersectional collision on December 26, 1959. Made defendants are Willie Smith, the owner and operator of the 1950 Dodge automobile which collided with the 1952 Pontiac automobile owned and driven by plaintiff, and Federal Insurance Company, Smith’s liability insurer. Defendants answered and therein generally denied the allegations of negligence contained in plaintiff’s petition and plead contributory negligence on the part of plaintiff. Defendant Smith alternatively reconvened for property damage, loss of wages and personal injuries. After trial on the merits, the lower court rendered judgment rejecting the demands of all parties. From the judgment so rendered plaintiff has appealed and defendant has answered the appeal so as to bring before this court his demands in reconvention.
The collision occurred at the intersection of Common and Travis Streets in the City of Shreveport, Louisiana, at approximately 6:30 o’clock A.M. on the aforesaid date. A light rain was falling at the time and both drivers testified to having their lights and windshield wipers in operation. Plaintiff was traveling north on Common and Smith was proceeding west on Travis. Traffic at the intersection is regulated by semaphore signal lights located on standards at each of the four corners of the intersection. Plaintiff’s right front fender collided with Smith’s left front fender, and the investigating officer placed the point of impact in the Northbound lane of Common Street slightly north of projected lines of the intersection. After impact the two vehicles traveled some 100 feet in the northbound lane of Common Street and came to rest at the east curb of said street.
Walpool and Smith were the only eyewitnesses to the accident, and, as so frequently happens in cases of this nature, their testimony was in hopeless conflict, each maintaining that the semaphore light was in his favor. The only additional relevant testimony in the record is that of the investigating officer, and the only facts established by said testimony related to the point of impact and location of the vehicles, which were as hereinbefore described.
*71 We are referred by counsel for appellant to the case of Barro v. Tilbury, La.App., 2 Cir., 1946, 24 So.2d 838, wherein this court reversed the judgment of the lower court and held the defendant guilty of negligence although the only evidence in the record was the conflicting testimony of the two available eyewitnesses. However, it was pointed out in that case that not only the physical facts, but the testimony of defendant’s witness as well, were corroborative of the plaintiff’s version of the accident.
Each case must be disposed of according to the particular facts and circumstances existing therein. We are not convinced that the record in the instant case furnishes such corroboration of either plaintiff’s or defendant’s version of the accident as would lead to the conclusion that the lower court committed manifest error. Inasmuch as neither party has sustained the required burden of proof, the judgment from which appealed is affirmed at appellant’s cost.